# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00230-KJD-DJA-1 |
| Plaintiff, | **ORDER** |
| v. | |
| MICHAEL MOE, | |
| Defendant. | |

Before the Court is the Government's Motion for Hearing Regarding Representation of Defendant (ECF No. 22), filed on December 11, 2020. Defendant Michael Moe filed a Response (ECF No. 24) on December 22, 2020. The Government filed a Reply (ECF No. 25) on December 29, 2020. The Court finds this matter appropriately decided without a hearing.

**I.     BACKGROUND**

The Government requests that the Court conduct a hearing to explore a potential conflict of interest (ECF No. 22). Specifically, Defense Counsel, Robert O'Brien, is a co-plaintiff in an unrelated, active civil case pending with this District Court. *See Lance Downes-Covington, et al. v. Las Vegas Metropolitan Police Dep't et al*., Case No. 2:20-cv-1790-GMN-DJA. The Government requests a hearing so that the Court may advise Defendant of his counsel's role as a plaintiff in the unrelated action, any potential conflict with his counsel's representation in this case, and take whatever appropriate remedial measures the Court deems appropriate. While the Government does not suggest that O'Brien's role as plaintiff in a civil action before the court creates a conflict of interest for counsel, it believes - out of an abundance of caution - that the Court should advise the Defendant of the situation. Further, the Government believes that if the Court deems it necessary, then O'Brien should obtain a waiver of any potential conflict. The

Government also argues that the Court would have discretion to inquire as to a potential conflict of interest and should do so here.

Defendant responds the Court should deny the Government's motion because there is no conflict. (ECF No. 24). He claims that the Government failed to identify the relevance of the *Downes-Covington* case to this case. Defendant also highlights that the Government failed to cite to any rule or body of law that supports an inference of a conflict. Indeed, Defendant contends that O'Brien's representation of Defendant in this case does not and would not create a potential conflict as a result of his involvement in the unrelated civil action. Defendant characterizes the Government's request as either a fishing expedition into the private First Amendment activity of a defense attorney or an attempt to inappropriately insert itself into the attorney-client relationship. Defendant concludes that because the Government's motion fails to provide facts that would give rise to a conflict - actual or potential - and fails to make any effort to articulate a legally cognizable theory of a conflict, it should be denied without a hearing.

The Government replies that its motion is neither a fishing expedition nor an attempt to inappropriately insert itself into the attorney-client relationship. (ECF No. 25). Rather, the Government claims that the Court should treat this Motion the same as any motion raising a problem with the attorney-client relationship. The Government argues this can be done out of the presence of government counsel. It also claims that a hearing is needed to make a record and ensure that Defendant is aware of his lawyer's involvement in *Downes-Covington*. The Government concludes that the proposed inquiry is consistent with other Ninth Circuit cases where the Court exercised its discretion to inquire as to a potential conflict and is warranted here.

**II.   DISCUSSION**

Defendant Michael Moe is charged in a one count Indictment for felon in possession of a firearm. (ECF No. 1). He is represented by Assistant Federal Public Defender Robert O'Brien. (ECF No. 11). O'Brien also is a plaintiff in a civil matter pending before this District Court. *Lance Downes-Covington, et al. v. Las Vegas Metropolitan Police Department, et al.*, 2:20-cv-01790-GMN-DJA. In the civil complaint, O'Brien is one of many plaintiffs who had various roles related to protests occurring in the Las Vegas area in May of 2020. O'Brien's alleged role

was that of a legal observer to the protests and he is suing for alleged injuries resulting from the actions of Las Vegas Metropolitan Police Department officers during the course of the protest. O'Brien is represented by counsel in that matter and it remains pending before the court.

In the Motion, the Government states, "[it] [d]oes not suggest that defense counsel's role as plaintiff in the civil action before this court creates a conflict of interest for counsel, or even that any such conflict could not be waived, but instead believes that, in an abundance of caution, the court should advise Defendant of this situation and, if necessary, obtain a waiver of any potential conflict." (ECF No. 22, p. 3, lns. 12-16).  The Government then cites various cases in both its motion and reply briefs in support for its request for the hearing and the Court's inquiry in this matter.  *See, e.g., Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005) (defense counsel was being prosecuted by same prosecution office bringing criminal action against client); *Earp v. Ornoski*, 431 F.3d 1158, 1185 (9th Cir. 2005) ("our circuit's precedent has expanded the scope of the Sullivan exception to apply in other contexts"); *Garcia v. Bunnell*, 33 F.3d 1193, 1194-95 (9th Cir. 1994) (defense counsel obtained employment with the prosecutor's office).

However, none of those cases are applicable to the facts of this case; they involve decisions related to the following situations: multiple representations, subsequent representations, defense counsel was being prosecuted by the same prosecutor's office bringing criminal actions against the client, and defense counsel obtained employment with the prosecutor's office.  None of these situations or the precedent outlined in those cases applies here.  In each of those instances, an actual conflict or the appearance of a conflict of interest existed.  In this case, as the Government concedes, there is not an actual conflict based upon the postures of the respective cases before the court and no appearance of a conflict exists simply because defense counsel has a separate, unrelated civil case before the same court.

The Court finds that O'Brien's involvement as a plaintiff in an unrelated civil case - in which he appears in his individual capacity represented by counsel - does not create any potential conflict with his representation of Defendant in this criminal matter.  The Government has cited no ethical rule that would apply and the Court is unaware of any that would find that O'Brien's representation in this matter somehow creates a conflict as a result of his active civil case.

Additionally, the Court carefully considered all of the case law cited by the Government. There is no binding or persuasive precedent that requires the Court to conduct a hearing under these circumstances. O'Brien is represented by counsel, as one of many plaintiffs, in an unrelated civil case, while concurrently representing Defendant. The Court is not inclined to create a conflict where one does not exist. As such, the Court will not waste valuable judicial resources to hold a hearing simply to inquire as to whether Defendant is aware of the *Downes-Covington* action. Moreover, O'Brien did not indicate there was any problem with the attorney-client relationship so the Court will not create one.

In conclusion, the Court finds that the Government failed to set forth any facts that give rise to an actual conflict. It also finds that O'Brien's participation as a plaintiff in the *Downes-Covington* action does not create an inference of a conflict in this case. Further, the Court finds that there is no precedent or ethical rule raised by the Government that supports an inference of a potential conflict and a judicial inquiry into same. Therefore, the Court will deny the Government's Motion.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Motion for Hearing Regarding Representation of Defendant (ECF No. 22) is **DENIED**.

DATED: January 29, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE